THE GEORGIA STATE BUILDING AND LOAN ASSOCIATION
*v.* OWENS, executor.

1. The city court of Savannah has jurisdiction to try and determine by a jury therein an issue raised upon a distress warrant, though the rent claimed exceeds one hundred dollars besides interest. Code, §§4888, 4904.

2. A plea by the tenant that the city court "ought not to have and maintain jurisdiction in said cause because the writ is not returnable by law to this court, and this he is ready to verify," does not raise the question whether in the city of Savannah a distress warrant for more than one hundred dollars can be issued by, or upon an affidavit sworn to before, a justice of the peace. The mode of raising such question would be by motion to dismiss the levy or to quash the warrant.    ·    *Judgment affirmed.*

    January 11, 1892.

Distress warrant. Jurisdiction. Practice. Before Judge HARDEN. City court of Savannah. February term, 1891.

George W. Owens as the agent of George S. Owens, executor, made affidavit before a justice of the peace of Chatham county, that the building and loan association was indebted to the executor $262.50 for rent due and to become due for a certain office, that said tenant was seeking to remove its goods from the premises, and that the rent "is now due and unpaid." Upon this affidavit the magistrate issued a distress warrant returnable to the city court of Savannah. The distress warrant having been levied upon property of the defendant, it interposed, by its vice-president, an affidavit that the sum distrained for was not due at the time of issuing the warrant. At the term of the court to which the warrant was made returnable, the defendant interposed a plea to

the jurisdiction of the court, upon the ground that the writ was not returnable by law to that court. This plea was overruled, the court ruling that the distress warrant and issue made by the counter-affidavit were properly returned to the city court for trial. To this decision the defendant excepted, alleging that the court erred in taking cognizance of the cause, the proceedings being irregular and contrary to law as shown by the record in said case; that the city court had no jurisdiction over the cause under a distress warrant issued by a justice of the peace in said city for a sum exceeding $100; that the affidavit for distress warrant was not made before an officer authorized to issue a warrant returnable to the court; and that the court erred in overruling the plea.

G. B. WHATLEY, for plaintiff in error.

CHARLTON & MACKALL, by GARRARD & MELDRIM, and G. W. OWENS, *contra*.